UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In Re: Steven W. Hogge and<br>Marion W. Hogge,<br>Debtors. | Case No. 12-34077-KLP<br>Chapter 13 Proceeding |

CITIZENS COMMUNITY BANK,       )
                               )
            Plaintiff,         )
                               )
v.                             )
                               )
STEVEN W. HOGGE,               )
MARION W. HOGGE,               )
and                            )
ROBERT E. HYMAN, Trustee,      )
                               )
            Defendants.        )

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the Court on the Motion of Citizens Community Bank ("CCB") for relief from the automatic stay with respect to the real property located at 6612 Robinson Ferry Road, White Plains, Virginia 23893 (the "Property") and more particularly described as follows:

> ALL THAT CERTAIN TRACT OR PARCEL OF LAND SITUATE AND BEING IN MEHERRIN MAGISTERIAL DISTRICT, BRUNSWICK COUNTY, VIRGINIA, CONTAINING 33.11 ACRES, MORE OR LESS, AND BEING MORE FULLY DESCRIBED AS PARCEL C ON A PLAT OF SURVEY FOR ETHEL J. SMITH, ROBERT B. JOHNSON, ELLEN O. BROWN, DATED DECEMBER 2, 1993, AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF BRUNSWICK COUNTY, VIRGINIA IN PLAT BOOK 13, PAGE 30.
>
> BEING THE SAME REAL ESTATE CONVEYED TO STEVEN WAYNE HOGGE AND MARION W. HOGGE, HUSBAND AND

---

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
James K. Donaldson, Esquire (VSB #80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000  Fax: (804) 697-2100
*Counsel for Citizens Community Bank*

> WIFE, BY DEED OF JAMES C. CLARY, JR. DATED MAY 23, 2003, RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF BRUNSWICK COUNTY, VIRGINIA AS INSTRUMENT 030001338

Upon consideration of which, it is

**ORDERED:**

1. The Debtors will resume making regular monthly installment payments in the amount of $702.62 as they become due commencing on June 6, 2014.  Late payments will include applicable late charges in the approximate amount of $35.00.

2. The Debtors will cure the post-petition arrearage currently due to CCB through May 29, 2014 in the total amount of $5,087.68, which includes late charges, deferred late charges, filing fees, and accrued interest, by making payments of $847.85 per month over a period of six (6) months commencing on July 6, 2014.

3. In the event that any payment required by this Order, under either paragraphs 1 or 2, above, is not received by CCB within fifteen (15) days after it is due, CCB may mail a notice of default to the Debtors by first class mail, postage prepaid, (and if CCB desires, also by certified or registered mail) with a copy to Debtors' counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtors.  The notice of default will state in simple and plain language:

   a. That the Debtors are in default in making at least one payment required under this Order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the Debtors or Trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the notice of default:
      i. cure the default;

      ii. file an objection with the Court stating that no default exists; or

      iii. file an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered;

   e. That if the Debtors or Trustee do not take one of the actions set forth in paragraph 3(d), CCB may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtors; and

   f. That if the automatic stay is terminated, the Property may be sold at foreclosure.

If the Debtors or Trustee do not take one of the actions set forth in paragraph 3(d), CCB may submit a certificate stating that it has complied with the terms of this order and that neither the Debtors nor the Trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtors or Trustee file an objection, CCB must set the matter for hearing and give notice of the hearing to the Debtors, Debtors' counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, CCB must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, CCB may not refuse to accept or apply payments tendered by the Debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtors payment coupons, payment statements or invoices, notices of late payment, notices of

3

payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtors default pursuant to the terms contained herein, unless otherwise ordered by this court, CCB shall be entitled to reasonable attorneys' fees in the amount of $100.00 for issuance of a notice of default, and an additional $200.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia
June ___, 2014                     /s/ Keith L. Phillips
                                      United States Bankruptcy Judge

Jun 20 2014                        ENTERED ON DOCKET: Jun 23, 2014

ENDORSEMENTS OF:

/s/ James K. Donaldson
Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
James K. Donaldson, Esquire (VSB #80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100
*Counsel for Citizens Community Bank*


/s/ Linda D. Jennings (by James K. Donaldson with permission via email)
Linda D. Jennings, Esquire (VSB #_____)
America Law Group, Inc. d/b/a
The Debt Law Group
2312 Boulevard
Colonial Heights, Virginia 23834
Phone: (804) 520-2428
Fax: (804) 201-4707
*Counsel for the Debtors*


/s/ Robert E. Hyman (by James K. Donaldson with permission via facsimile)
Robert E. Hyman, Trustee
P.O. Box 1780
Richmond, Virginia 23218

---

## CERTIFICATION

      The undersigned hereby certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form required by Administrative Order 10-2 and that no modification, addition, or deletion has been made. The undersigned further certifies that the foregoing Consent Order Modifying Automatic Stay has been signed by all necessary parties as required by Local Bankruptcy Rule 9022(C)(1).


June 12, 2014                                           /s/ James K. Donaldson
Date                                                    Counsel

**PARTIES TO RECEIVE COPIES:**

Steven W. Hogge
6576 Robinson Ferry Road
White Plains, VA 23893

Marion W. Hogge
6576 Robinson Ferry Road
White Plains, VA 23893

Linda D. Jennings, Esquire
America Law Group, Inc. d/b/a
The Debt Law Group
2312 Boulevard
Colonial Heights, VA 23834

Robert E. Hyman, Trustee
P.O. Box 1780
Richmond, VA 23218-1780

James K. Donaldson, Esquire
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, VA 23219