**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| *In re*: | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 13 |
| Steven W. Hogge, | | |
| Marion W. Hogge, | | |
| *Debtors.* | | Case No. 12-34077-KLP |
| Citizens Community Bank, | | |
| *Movant*, | | |
| v. | | |
| Steven W. Hogge, | | |
| Marion W. Hogge, | | |
| *Respondents*. | | |

**NOTICE OF AND LIMITED OBJECTION TO
PROPOSED MODIFIED CHAPTER 13 PLAN**

Citizens Community Bank has filed papers with the Court objecting to confirmation of the Debtors' Proposed Modified Chapter 13 Plan dated May 17, 2016.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, then you may wish to consult one.)**

If you do not want the Court to sustain the objection, then you or your attorney must:

Attend the hearing scheduled to be held **June 22, 2016, at 9:10 AM**, in Judge Phillips's Courtroom, 701 East Broad Street, Room 5100, Richmond, Virginia, 23219.

If you or your attorney fail to take these steps, then the Court may decide that you do not oppose the Objection and the Court may enter an Order sustaining the Objection.

---

Robert H. Chappell, III, Esquire (VSB No. 31698)
Jennifer J. West, Esquire (VSB No. 47522)
James K. Donaldson, Esquire (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone:  (804) 697-2000
Fax:    (804) 697-2100
*Counsel for Citizens Community Bank*

**LIMITED OBJECTION TO PROPOSED MODIFIED CHAPTER 13 PLAN**

Citizens Community Bank ("CCB"), through counsel and pursuant to 11 U.S.C. §§ 105(a), 1325, and 1329, submits the following Limited Objection To Proposed Modified Chapter 13 Plan, seeking denial of confirmation of the proposed, modified chapter 13 plan filed by the Debtors with the Court on May 17, 2016 (the "Proposed Plan"). (ECF No. 76.) In support, CCB states as follows:

1. The Debtors' Proposed Plan incorrectly incorporates the terms of a consent Order granting relief to CCB that expired in June 2015. Subsequently, in March 2016, the Court entered a second consent Order, which Order should remain in full effect if the Debtors' Proposed Plan, or any other modified chapter 13 plan, is confirmed by the Court.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1334. This matter is a "core" proceeding as set forth under 28 U.S.C. § 157.

3. On July 10, 2012 (the "Petition Date"), Steven W. Hogge and Marion W. Hogge (the "Debtors") filed a voluntary petition seeking relief under chapter 13 of title 11 of the United States Code. (ECF No. 1.)

4. On July 11, 2012, the Court appointed Robert E. Hyman as Interim Trustee.

5. On December 21, 2014, the Court appointed Suzanne E. Wade as Trustee, and Ms. Wade continues to serve as the Trustee for the Bankruptcy Estate of the Debtors.

6. By Order entered on December 11, 2013, the Court confirmed the Debtors' Amended Chapter 13 Plan dated July 15, 2013 (the "Amended Plan"), and the Amended Plan provides that the Debtors will make regular contract payments directly to CCB and prepetition arrears will be paid through the Amended Plan. (ECF Nos. 22, 37.)

7. The Debtors are required to make regular contract payments to CCB in the

2

amount of $702.62 each month.

8. The Debtors' obligations to CCB are secured by a voluntary lien on real property owned by the Debtors, commonly known as 6612 Robinson Ferry Road, White Plains, Virginia 23893 (the "Property").

9. On May 13, 2014, CCB filed a Notice of and Motion For Relief From The Automatic Stay Of 11 U.S.C. § 362 as to the Property (the "First Motion for Relief"). (ECF No. 42.)

10. On June 23, 2014, the Court entered a Consent Order Modifying Automatic Stay (the "First Consent Order") as to the First Motion for Relief. (ECF No. 49.)

11. The First Consent Order expired in June 2015.

12. On January 28, 2016, CCB filed a Notice Of And Motion For Relief From The Automatic Stay Of 11 U.S.C. § 362 as to the Property (the "Second Motion For Relief"). (ECF No. 68.)

13. On March 18, 2016, the Court entered a Consent Order Modifying Automatic Stay (the "Second Consent Order") as to the Second Motion for Relief. (ECF No. 73.) In relevant part, the Second Consent Order requires the Debtors to (i) continue making regular payments to CCB in the amount of $702.62 per month; and (ii) cure *post-petition* arrears in the total amount of $7,999.72 by making 9 monthly payments in the amount of $888.86.

14. On May 17, 2016, the Debtors filed with the Court their Proposed Plan. (ECF No. 76.) As to CCB, the Proposed Plan references the First Consent Order, which expired in June 2015. At Section 11, the Proposed Plan states:

> The terms of this plan shall not affect the provisions and terms of the Consent Order Modifying Automatic Stay, entered by the Court on June 23, 2014, including, without limitation, that the Debtors shall (i) make regular monthly installment payments directly to Citizens Community Bank in the amount of

$702.62, plus late charges, as applicable; and (ii) cure post-petition arrearages, over six months, due in the approximate amount of $5,087.68, as of June 2014, by paying $847.85 per month directly to Citizens Community Bank.

(ECF No. 76, at 7.)

15. The Proposed Plan erronesouly references and incorporates the terms of the First Consent Order. Instead, the Proposed Plan should incorporate the express terms of the Second Consent Order, entered on March 18, 2016, and make clear that nothing in the Proposed Plan or any Order confirming the Proposed Plan waives, negates, or otherwise affects any terms or provisions of the Second Consent Order.

16. CCB submits that the Proposed Plan has not been proposed in good faith due to its failure to incorporate the terms and provisions of the Second Consent Order. *See* 11 U.S.C. §§ 1325(a)(3), 1329(b)(1). Therefore, confirmation of the Proposed Plan should be denied.

17. CCB reserves all rights to object to any other provisions of the Proposed Plan, or any modifications or amendments thereto.

**WHEREFORE**, Citizens Community Bank respectfully requests that this Court enter an Order sustaining this Limited Objection and denying confirmation of the Proposed Plan, and that any Order confirming a proposed modified or amended chapter 13 plan filed by the Debtors incorporate the terms of the Second Consent Order, and that CCB have any other relief that the Court deems appropriate.

        CITIZENS COMMUNITY BANK

        /s/ James K. Donaldson
        Robert H. Chappell, III, Esquire (VSB No. 31698)
        Jennifer J. West, Esquire (VSB No. 47522)
        James K. Donaldson, Esquire (VSB No. 80307)
        Spotts Fain PC
        411 East Franklin Street, Suite 600
        Richmond, Virginia 23219
        Phone: (804) 697-2000
        Fax:    (804) 697-2100
        *Counsel for Citizens Community Bank*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was sent via U.S. Mail, postage prepaid, and/or delivered by electronic means, this 15th day of June, 2016 to the following, constituting all necessary parties:

| | |
|---|---|
| Steven W. Hogge<br>6576 Robinson Ferry Road<br>White Plains, VA 23893<br>*Debtor* | Marion W. Hogge<br>6576 Robinson Ferry Road<br>White Plains, VA 23893<br>*Joint Debtor* |
| Richard James Oulton, Esquire<br>America Law Group, Inc. d/b/a<br>The Debt Law Group<br>2312 Boulevard<br>Colonial Heights, VA 23834<br>*Debtors' Counsel* | Suzanne E. Wade, Esquire<br>P. O. Box 1780<br>Richmond, Virginia 23218<br>*Chapter 13 Trustee* |

                                        /s/ James Donaldson

## SPECIAL NOTICE

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 *et seq*) APPLIES TO THIS COMMUNICATION.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**